UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| HAILEY MCCOY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF DARLINGTON, )<br>)<br>Defendant(s). )<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. This action is brought to remedy violations of the Family and Medical Leave Act 29 U.S.C. § 2611(2)(a)(i)(ii) ("FMLA"). This is also an action to remedy discrimination and retaliation in violation of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII").

2. Compensatory and punitive damages are both sought and liquidated damages pursuant to 29 U.S.C. §626(b).

3. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law such as 29 U.S.C. §626(b) and 28 U.S.C. §2412(b).

4. Defendant, through City Administration, failed to properly provide FMLA job protection to and failed to accommodate Plaintiff, thus causing her separation. As

1

a result of Defendant's conduct, Plaintiff suffered offenses and damages as set forth herein.

5. Plaintiff, a female employee in recovery from a medical condition, is a citizen of the United States and a resident of Darlington, South Carolina.

6. Defendant, City of Darlington, upon information and belief, is a municipal corporation organized and existing under the laws of the State of South Carolina operating government offices and duties within Darlington to include city management, maintenance and supervision of city employees.

7. On information and belief, at all times relevant to the allegations in this complaint, the City of Darlington was authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

8. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

9. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

10. Defendants as a public agency is an employer within the meaning of the Family Medical Leave Act, 29 CFR § 825.104, and employs more than 50 employees.

11. Plaintiff as an employee of Defendant, worked for a covered employer with more than 50 employees, worked for at least 12 months, and had at least 1250 hours of service during the 12 month period preceding her medical leave of absence which

occurred approximately April 14, 2021. Plaintiff was an eligible employee within the meaning of the Family Medical Leave Act, 29 CFR § 825.110.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

13. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 USC §12111(2).

14. Plaintiff was issued a notice of right to sue from the US Equal Employment Opportunity Commission (EEOC) dated March 7, 2024, regarding her charge of disability discrimination and retaliation, EEOC Charge 14C-2023-00342. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws.

15. Plaintiff began her employment with the City of Darlington in October 2020, and began working full time as an Administrative Assistant/Office Manager up an until her separation August 30, 2022.

16. Defendant issued a Performance Evaluation for Plaintiff in July 2021, and she was scored as "Exceeds."

17. Plaintiff was clearly working satisfactorily with no history of significant discipline. If Plaintiff had to miss work due to her condition, it was acknowledged by Defendant that Plaintiff or a family member would call in for her as soon as practicable.

18. Despite her contact with her employer on sick days, Defendant issued discipline in June 2022 and terminated Plaintiff August 30, 2022 on the grounds that Plaintiff missed several days "for whatever reason" and did not call in.

19. Defendant knew or should have known of Plaintiff's medical condition, Plaintiff's enrollment in Employee Assistance Program and Plaintiff's treatment or treatment plan, as Plaintiff shared her medical information with her employer.

20. Defendant was aware Plaintiff was an active participant in an Employee Assistance Program during the same time period between June 2022 and August 2022.

21. Defendant was aware Plaintiff had become ill due to her medical condition.

22. Defendant denied Plaintiff a reasonable accommodation between the time period of her discipline June 2022 and discharge August 30, 2022, when Plaintiff asked for a leave of absence to treat her medical condition.

23. Defendant verbally terminated Plaintiff at the same meeting in which she requested a reasonable accommodation of leave of absence and was denied.

24. Defendant informed Plaintiff that her insurance would continue for 30 days post termination; however, Plaintiff's insurance coverage ended the day of her termination, thus denying Plaintiff her COBRA rights.

25. Defendant also made false representations to then unemployment office regarding Plaintiff that resulted in Plaintiff being denied unemployment benefits.

26. Defendant failed to engage in any FMLA inquiry or accommodation for Plaintiff and failed to provide Plaintiff job protection in relation to her 2022 medical leave.

27. Defendant retaliated and interfered with Plaintiff's right to FMLA job protection; and Defendant further retaliated against Plaintiff for requesting leave related to a serious medical condition.

28. Plaintiff is unaware of any employees similarly situated who were not disabled or perceived to be disabled or who did not take medical leave and who were terminated for absences.

29. On the various dates and occasions, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated her and adversely affected her status as an employee, because of her disability or the employer's perceived disability and a failure to accommodate. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

30. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

31. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff, as she was not allowed medical leave, was not offered FMLA protection and was not otherwise accommodated under ADA.

32. As a result of the abrupt discriminatory and retaliatory termination of Plaintiff, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT I
## (VIOLATION OF FMLA – INTERFERENCE)

33. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

34. Plaintiff, an Employee of Defendant, was performing satisfactorily before she needed an accommodation for her medical condition.

35. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

36. At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months, from October 2020 to August 2022, and worked full time.

37. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave.

38. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

39. Plaintiff was entitled to receive FMLA leave and receive notices and compensation pursuant to the FMLA; and Defendant was not permitted to interfere or retaliate against Plaintiff for exercising her rights under the FMLA.

40. Defendant was on notice and had acknowledged that Plaintiff suffered from a serious health condition that qualified for FMLA coverage as she was out of work during intermittent time periods of June to August 2020, she enrolled in Employee Assistance Program, she requested an accommodation of time off.

41. Defendant interfered with Plaintiff's medical leave by refusing to recognize Plaintiff's intermittent leave and need for leave as FMLA qualifying reasons that invoke FMLA interaction and protection.

42. Defendant failed to properly process Plaintiff's leave request as an FMLA protected leave and failed to properly designate Plaintiff's impairment and need for leave as an FMLA qualifying event with the proper notices as required under FMLA.

43. Defendant's policies and improper or unreasonable discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA right to take FMLA leave without disciplinary action and Plaintiff's FMLA right to be protected for conduct occurring as a result of FMLA triggering events.

44. Defendant's retaliatory actions and interference violations constitute unlawful acts under FMLA pursuant to 29 U.S.C. §2615(a)(2).

45. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's interference practices in violation of 29 U.S.C. § 2915(a)(1), unless and until this Court grants relief.

### COUNT II
### (VIOLATION OF FMLA – INTERFERENCE)

46. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

47. Plaintiff, an Employee of Defendant, was performing satisfactorily before she needed an accommodation for her medical condition.

48. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

49. At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months, from October 2020 to August 2022, and worked full time.

50. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave.

51. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

52. Defendant was on notice and had acknowledged that Plaintiff suffered from a serious health condition that qualified for FMLA coverage as she was out of work during intermittent time periods of June to August 2020, she enrolled in Employee Assistance Program, she requested an accommodation of time off.

53. Plaintiff invoked her right to FMLA protection when she informed her employer that she needed to take some time off for treatment.

54. Because Plaintiff invoked her right to take FMLA eligible medical leave, Defendant willfully retaliated against Plaintiff by terminating Plaintiff in response to her request for time off.

55. Defendant's retaliatory actions and interference violations constitute unlawful acts under FMLA pursuant to 29 U.S.C. §2615(a)(2).

56. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## COUNT III
## (VIOLATION OF ADA)

57. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

58. Plaintiff is a member of a protected class as a person living with a disabling condition of recovery and treatment and/or a person regarded as disabled by her employer.

59. Plaintiff was performing satisfactorily, when she was disciplined and terminated in response to Plaintiff needing days off and in response to Plaintiff requesting a medical leave of absence.

60. Title II of the ADA applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

61. As described above, Defendant's actions and practices – of summarily denying Plaintiff's claim for medical leave of absence as an accommodation; of failing to perform an interactive accommodation search; and of terminating Plaintiff immediately in retaliation for making an accommodation request, all discriminate and retaliate against Plaintiff on the basis of disability and protected activity and therefore violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et seq.

62. Defendant's actions and practices described above constitute unlawful discrimination under 42 U.S.C. §12182(a) and (b), in that all Defendants have discriminated against

Plaintiff on the basis of Plaintiff's disability and/or perceived disability, with regard to the full and equal enjoyment of Defendant's employment programs, goods, services, facilities, privileges, advantages or accommodations.

63. Defendant's actions and practices described above also constitute unlawful discrimination under 42 U.S.C. § 12182(b)(1)(A) and § 12182(b)(2)(A).

64. Defendant perceived Plaintiff as disabled and denied Plaintiff a reasonable accommodation or perform an interactive accommodation search. Defendant then terminated Plaintiff immediately upon her request for the accommodation of medical leave. Defendant discriminated and retaliated against Plaintiff on the basis of disability.

65. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of applicable state and federal laws;

B. Enjoining and permanently restraining these violations of applicable state and federal laws;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendants to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole

  for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits; and liquidated damages pursuant to FMLA because Defendant's violations of the FMLA were willful - Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

E. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117;29 U.S.C.A. § 2617(a)(3);

F. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury;

G. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii) and (a)(1)(B);

H. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii); and,

I. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**, Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

May 9, 2024